IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARENZO PITTMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01876-AGF |
| | ) | |
| CINDY GRIFFITH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Carenzo Pittman for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 18, 2013, Petitioner pleaded guilty to one count of first-degree robbery and was sentenced to 17 years in the Missouri Department of Corrections. For federal habeas relief, Petitioner claims that his plea counsel was constitutionally ineffective for (1) advising Petitioner that, if he pleaded guilty, he would receive a sentence of no more than 10 years and (2) failing to correct the state court's characterization of the facts in response to testimony at sentencing. For the reasons set forth below, federal habeas relief will be denied.

## BACKGROUND

In March 2013, Petitioner was charged with one count of robbery in connection with the mugging of an 85-year-old woman near the entrance to her residence. According to the plea record, Petitioner held the victim in a chokehold while two other individuals forcibly stole her purse, causing her to fall down the stairs and sustain serious injuries that have left her homebound.

At the plea hearing on November 18, 2013 (ECF No. 10-1, pp. 16-17), Petitioner acknowledged these facts as true. He confirmed that he understood that, by pleading guilty, he was giving up his rights attendant to a jury trial. He confirmed that no one made any threats or promises to him in exchange for the guilty plea. He confirmed that he was pleading guilty of his own free will with a full understanding of the charges and consequences of the guilty plea. The plea court informed Petitioner that the range of punishment was anywhere from 10 years to 30 years or life, that the State was recommending 17 years, and that the court could consider the entire range. Petitioner confirmed that he understood. He further acknowledged that he reviewed the police report and sentencing assessment report ("SAR") with plea counsel, they discussed his options, counsel complied with all of his requests, and he was satisfied with counsel's services. The plea court accepted Petitioner's guilty plea, finding a factual basis for the plea and further finding that Petitioner "understands what he is doing."

At the sentencing hearing on January 24, 2014 (ECF No. 10-1, pp. 18-20), counsel requested probation and advised the court that Petitioner had been accepted into the Genesis Men's Home residential program. The State reiterated its recommendation of 17 years, arguing that Petitioner "was the one who was actually putting the victim in a chokehold and repeatedly striking her while the others took her purse." Petitioner's aunt testified on his behalf, explaining that Petitioner was "with the wrong crowd." In response, the court inquired, "You understand he pled guilty to choking and repeatedly striking the victim to the extent that then she nearly died and was in intensive care." The court also conducted a colloquy with Petitioner, who confirmed that plea counsel had

discussed his options with him, and he understood his decision to plead guilty. When given a final opportunity to express any dissatisfaction with counsel for any reason, Petitioner responded that he had nothing else to tell the court.

Specific excerpts from these hearings are set forth below as relevant to the analysis.

### State Post-Conviction Proceedings

Petitioner sought state post-conviction relief raising the same claims raised in this habeas petition, namely that counsel was ineffective by (1) assuring him a sentence no greater than 10 years and (2) failing to object to the state court's characterization of his crime at sentencing. The motion court, with the same judge who presided over the plea and sentencing proceedings, denied relief without an evidentiary hearing, reasoning that the record clearly refuted Petitioner's claims.

With respect to Petitioner's claim that he was misled about his sentence, the court referred to the record reflecting that Petitioner understood that he was making an open plea, he understood that the court could consider the full range of punishment, and he knew that the State recommended 17 years. As such, the court found no basis for Petitioner to believe that he would receive the minimum sentence. Further, the court noted that Petitioner raised no complaint about counsel after pronouncement of the sentence.

Regarding Petitioner's second claim that counsel was ineffective for failing to correct the court about the facts of the plea, the court stated that its exchange with Petitioner's aunt did not affect its sentencing decision. Rather, the court based its

3

decision on the SAR, the nature of the crime, and the severity of the victim's injuries, which were not in dispute.

By opinion dated May 17, 2016, the Missouri Court of Appeals affirmed the motion court's decision, concluding that Petitioner's claims had no merit insofar as Petitioner was "fully aware of the consequences of his plea" and suffered no prejudice from the plea court's factual characterization insofar as the court based its decision on the SAR and the State's recommendation

In his petition for a writ of habeas corpus, Petitioner raises these same two claims. Respondent counters that federal habeas relief should be denied because the state court's adjudication of these claims was legally and factually reasonable.

## **DISCUSSION**

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "AEDPA's standard is 'intentionally difficult to meet.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citations omitted).

For purposes of § 2254(d)(1), clearly established federal law includes only the holdings, as opposed to the dicta, of the Supreme Court's decisions. *Id*. An

4

"unreasonable application" of those holdings must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id*. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id*.

For purposes of § 2254(d)(2), a "state court's determination on the merits of a factual issue is entitled to a presumption of correctness." *Matteson v. Bowersox*, 4:06 CV 1605 CDP, 2007 WL 1876472, at *5 (E.D. Mo. June 26, 2007). The state court's decision "involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings 'only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record.'" *Id*. (citations omitted)

"When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods*, 575 U.S. at 316. "Federal habeas review thus exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction." *Id.* This is especially true for claims of ineffective assistance of counsel, where AEDPA review affords both the state court and the defense attorney the benefit of the doubt. *Id*. at 316-317.

**<u>Assistance of Plea Counsel</u>**

The Sixth Amendment guarantees a criminal defendant the right to effective

5

assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (applying *Strickland* to the guilty plea context).

To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). Deficient performance means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

6

Here, the state court's determination that Petitioner failed to demonstrate ineffective assistance of plea counsel so as to render his plea involuntary is supported by the overall record and does not contravene or unreasonably apply clearly established Supreme Court precedent.

Counsel's prediction of sentence

For his first claim of ineffectiveness, Petitioner alleges that counsel "assured" him a sentence no greater than 10 years. As a threshold matter, Petitioner's specific factual allegations set forth in his petition do not entirely support this characterization. In particular, Petitioner alleges that counsel "assured him that the State's recommendation of 17 years *was only a recommendation.*" ECF No. 1, p. 17 (emphasis added). This statement is not an "assurance" of anything; Petitioner was plainly advised that the State sought a sentence in excess of 10 years. Petitioner also alleges that counsel assured him that "it was more likely than not" that Petitioner would receive probation. *Id*. This speculation, while ultimately incorrect, was nonetheless a mere prediction.

Moreover, even accepting Petitioner's characterization of counsel's statements as an "assurance," the state court's rejection of his claim is consistent with federal precedent, which instructs that a "defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). The present record reflects that the state court took care to verify that Petitioner understood the range of punishment, entered his plea voluntarily, and was satisfied with counsel. The following exchange took place at

7

the plea hearing:

> Q: Has anyone made any threats or promises to you in order to get you to plead guilty?
>
> A: No ma'am.
>
> …
>
> Q: What is your understanding of the range of punishment for a Class A felony?
>
> …
>
> A: Thirty to life.
>
> Q: Anywhere from 10 years in the Missouri Department of Corrections at a minimum up to 30 years or life imprisonment. Do you understand that?
>
> A: Yes ma'am.
>
> …
>
> Q: Because it's an open plea, the court can consider the entire range of punishment, which means anywhere from ten years suspended execution of sentence all the way up to 30 years or life in the Missouri Department of Corrections. Do you understand that?
>
> A: Yes ma'am.
>
> Q: Are you satisfied with the services of your attorney?
>
> A: Yes, ma'am.

ECF No. 10-1, p. 17.

Next, at sentencing, the court inquired:

> Q: Did your attorney explain to you what the minimum sentence was in this case?
>
> A: Yes, ma'am.
>
> Q: And the maximum sentence?
>
> A: Ten.
>
> Q: I'm sorry?
>
> A: Ten.
>
> Q: Ten to 30?
>
> A: Ten to 30.

8

ECF No. 10-1, p. 20. While this excerpt of the exchange arguably signals a mistaken expectation – one that the court promptly corrected – it was not a reasonable expectation in view of the whole record, which demonstrates that Petitioner was fully informed of the range and thus his plea cannot be deemed involuntary. *See Quiroga*, 554 F.3d at 1155-56 (citing multiple Eighth Circuit cases instructing that counsel's inaccurate advice or erroneous prediction does not render a plea involuntary as long as the defendant was fully informed of the maximum possible sentence). The motion court's finding is entitled to deference in this regard.

The sentencing court continued:

Q: When you pled guilty did you feel like you were ready to plead guilty and you understood what was going to happen?
A: Yes, ma'am.
Q: Was it ultimately your decision to plead guilty?
A: Yes, ma'am.
Q: Do you know of any other reason that I haven't asked about that I should find that your attorney did not do a good job for you? I understand that you are not happy with the sentence, which your attorney has no control over. Outside of that, is there anything else you want to tell the court about your attorney?
A: No, ma'am.

ECF No. 10-1, p. 20.

Petitioner's own testimony "constitutes persuasive evidence of voluntariness." *Bramlett v. Lockhart*, 876 F.2d 644, 647 (8th Cir. 1989). "Solemn declarations in open court carry a strong presumption of verity" and "pose a formidable barrier in any subsequent collateral proceedings." *Farris v. United States*, 4:15-CV-01728 JAR, 2019 WL 316567, at *3 (E.D. Mo. Jan. 24, 2019) (citing *Blackledge v. Allison*, 431 U.S. 63, 74

(1977) and *Bramlett* at 648).

On the foregoing record, the state court's central factual findings – that Petitioner understood the consequences of his plea and had no basis to expect the minimum sentence – are reasonable, the court's legal conclusions are consistent with federal law, and both are entitled to this Court's deference. Petitioner's first claim is without merit.

<u>Failure to object to factual details at sentencing hearing</u>

For his second claim, Petitioner asserts that counsel was ineffective for failing to correct the state court's description of his crime during an exchange with Petitioner's aunt at sentencing. Specifically, the court said to the aunt: "You understand he pled guilty to choking and repeatedly striking the victim to the extent that then she nearly died and was in intensive care." Petitioner argues that this depiction goes beyond the facts he admitted in the plea, where Petitioner conceded only that he grabbed the victim in a chokehold and, in her struggle, she fell down the stairs. Petitioner thus suggests that he suffered prejudice in counsel's failure to object insofar as the court's harsh sentence was based on exaggerated facts.

The motion court (which also presided over the plea and sentencing) rejected this claim for two reasons. First, Petitioner cited no authority limiting sentencing to facts recited in the plea; Missouri law requires only that the information before the court supplies a factual basis for the plea. By this reasoning, the motion court implied that an objection by counsel would not have been meritorious, so counsel was not ineffective for failing to object. Second, the court explained that its decision was not based on its exchange with Petitioner's aunt but rather on the SAR and the undisputed severity of the

10

victim's injuries. At sentencing, the court supported its decision as follows:

> Mr. Pittman, you had just gotten out [of DYS custody] for the exact same conduct [referring to an earlier second-degree robbery charge]. In addition, you were the initial aggressor. And you not only destroyed the victim's life, you also destroyed your supposed friend's life by picking another person who was susceptible to doing what you told him to do and now he's going to the penitentiary for ten years.

ECF No. 10-1, p. 19.

In essence, the court found no prejudice in counsel's failure to correct its earlier factual description of Petitioner's actions because that was not the basis for the sentence. The Missouri Court of Appeals affirmed in that the sentencing court properly relied on the SAR and the State's recommendation and thus had sufficient grounds to impose a 17-year sentence, so Petitioner suffered no prejudice.

The state courts' analysis is consistent with *Strickland* and supported by the record. This Court is not persuaded that any objection by counsel would have been meritorious or successful, much less influential on the sentence. The judge who imposed Petitioner's sentence had the opportunity to reconsider it through the lens of Petitioner's ineffectiveness claim and confirmed that her exchange with Petitioner's aunt had no effect, necessarily implying that she would have imposed the same sentence regardless of counsel's objection. This record belies a claim of prejudice. Consequently, Petitioner's second claim of ineffectiveness of counsel is without merit.

Finally, a petitioner is not entitled to an evidentiary hearing where the knowing and voluntary nature of the plea is established by the record. *Roberts v. Griffith*, 4:16 CV 241 RWS, 2018 WL 2364295, at *3 (E.D. Mo. May 24, 2018) (citing *Tran v. Lockhart*,

849 F.2d 1064, 1068 (8th Cir. 1988). Such is the case here.

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (standard for issuing a Certificate of Appealability) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that Carenzo Pittman's petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2020.